# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JOSE MANUEL GARZA-CASTILLO,<br><br>    Petitioner,<br><br>v.<br><br>MELLODY NALLELY GUAJARDO-OCHOA,<br><br>    Respondentt. | Case No. 2:10-cv-00359-LDG (VCF)<br><br>**ORDER** |

The respondent, Mellody Nallely Guajardo-Ochoa, moves to stay (#51) "for the limited purposes of staying the above-referenced Federal action pending completion of proceedings in Nevada State Family Court. . . ." The petitioner, Jose Manuel Garza-Castillo, has filed a response (#54).

While the bulk of Garza-Castillo's response is irrelevant to the pending motion to stay, and instead addresses the merits of his petition, he requests, in the last paragraph, "that this motion be set for hearing at the Court's earliest convenience and that upon conclusion of such hearing that Respondent's Motion to Stay this Action be denied and that both the Respondent and the Child be returned instanter to participate in the pending proceedings in a court of competent jurisdiction in Tamaulipas, Mexico. . . ."

Garza-Castillo's requests in the conclusion of his opposition are, at best, puzzling. Guajardo-Ochoa's motion seeks to stay consideration of his petition. The denial of that motion does not result in an award of the relief requested in Garza-Castillo's petition, but merely results in this matter going forward as scheduled. Further, a hearing on the motion to stay will not involve consideration of the merits of Garza-Castillo's petition. Any such hearing on the motion to stay would be solely for the purposes of determining whether to stay consideration of Garza-Castillo's petition. Further, as to relief requested by Garza-Castillo in his opposition, the court cannot order the return of Guajardo-Ochoa. Garza-Castillo's petition does not seek the return of Guajardo-Ochoa, but only requests the return of the child. In addition, Garza-Castillo has never offered any authority suggesting that this court has jurisdiction, in ruling on his petition for the return of the child, to order the "return" of Guajardo-Ochoa.

Finally, given that Garza-Castillo's opposition is directed to the merits of his petition, and the requested relief (to the extent such can be ordered by this court) concerns the merits of relief, his request to set a hearing at the court's earliest convenience is somewhat perplexing. An evidentiary hearing on this matter has already been set for January 11, 2012. That evidentiary hearing was initially set for January 2011, but has been continued at the request of both parties.

At best, the court construes Garza-Castillo's response as indicating that he no longer agrees to having this matter resolved in the state court system, that he now desires to proceed with his petition in this court, that he intends to go forward with the evidentiary hearing as scheduled, and thus that he opposes Guajardo-Ochoa's request to stay this matter to allow the state court proceedings to reach a resolution. As the court has continued this matter only because the parties mutually stipulated to the continuances in an effort to reach a resolution in state court, a hearing on Guajardo-Ochoa's motion to stay is unnecessary. The only purpose of such hearing would be to determine whether both

parties consented to staying this matter pending the state court proceedings. Garza-Castillo has, instead, indicated that he intends to proceed with his petition on the merits at the scheduled evidentiary hearing.

Accordingly, lacking mutual consent of the parties to stay these federal proceedings:

THE COURT **ORDERS** that Respondent's Motion to Stay (#51) is DENIED.

DATED this ___2___ day of December, 2011.

_____
Lloyd D. George
United States District Judge

3