# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JOSE MANUEL GARZA-CASTILLO, | |
| Petitioner, | Case No. 2:10-cv-00359-LDG (VCF) |
| v. | **ORDER** |
| MELLODY NALLELY GUAJARDO-OCHOA, | |
| Respondent. | |

The respondent, Mellody Nallely Guajardo-Ochoa, has filed an emergency motion (#56) for an order allowing telephonic appearance of witnesses at a hearing scheduled to start January 11, 2012.

Pursuant to Federal Rule of Civil Procedure 43(a):

> At trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise.  For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location.

The commentary to Rule 43(a) provides guidance.  As stated in the rule, "contemporaneous transmission of testimony from a different location is permitted only on

a showing of good cause in compelling circumstances." The commentary goes on to note that "the most persuasive showings of good cause and compelling circumstances are likely to arise when a witness is unable to attend trial <u>for unexpected reasons</u>, such as accident or illness, but remains able to testify from a different location." Otherwise, "other possible justifications for remote transmission must be approached cautiously. <u>Ordinarily depositions, including video depositions, provide a superior means of securing the testimony of a witness who is beyond the reach of a trial subpoena</u>." Further, "deposition procedures ensure the opportunity of all parties to be represented while the witness is testifying." Finally, "good cause and compelling circumstances may be established with relative ease if all parties agree that testimony should be presented by transmission."

      Guajardo-Ochoa filed her motion on the present date, January 4, 2012, for a hearing scheduled to commence January 11, 2012. The date of this hearing was set on September 27, 2011, after several prior continuances. Guajardo-Ochoa seeks to have her mother and brother (who reside in Mexico) appear and testify telephonically. She represents, in her moving papers, that on December 12 and 13, <u>2010</u>, her mother went to the United States consulate in Monterey, Mexico, and attempted to obtain a permit allowing her entry into the United States for the original hearing date of January 18, <u>2011</u>. She further represents that (at that time) she was, in essence, informed that she would not be able to obtain such a permit. In an attempt to secure the mother's attendance at the January 2011, hearing, the Court entered an Order in Lieu of Temporary Visa on December 14, 2010. Guajardo-Ochoa now represents, on "information and belief" that the United States Consulate will refuse to honor that order.

      Absent from Guajardo-Ochoa's motion is any representation as to any efforts made since December 24, 2010, to permit her mother and brother to lawfully enter the United States for the hearing, though nearly a full year has passed since the hearing was first continued.

1    Rule 43(a) permits testimony to be contemporaneously transmitted from a different
2 location only upon a showing of good cause in <u>compelling</u> circumstances.  The
3 commentary makes clear that compelling circumstances will generally refer to unexpected
4 circumstances.  When the circumstance precluding the in-court testimony of witnesses is
5 expected, deposition (including video deposition) provides the superior means of securing
6 the testimony.  As summarized in the commentary, "a party who could reasonably foresee
7 the circumstances offered to justify transmission of testimony will have special difficulty in
8 showing good cause and the compelling nature of the circumstances."
9    Guajardo-Ochoa has not provided any indication as to why the testimony of her
10 mother and brother was not secured by deposition, including by video deposition.  Given
11 that more than a year has passed since Guajardo-Ochoa first became aware that it may be
12 impossible for her mother and brother to travel to the United States to testify in court in her
13 defense, and given that nearly a full year has passed in which she could have secured the
14 testimony of her mother and brother by deposition (including video deposition), the Court
15 cannot agree she has shown good cause *in compelling circumstances*.
16    As noted in the commentary, if the parties all agree that the testimony may be
17 presented by transmission, such would establish with relative ease the good cause and
18 compelling circumstances.  Guajardo-Ochoa has not indicated that she has obtained the
19 agreement of all parties.
20    Finally, (should all parties agree to the transmission of the testimony from Mexico),
21 the Court would note that, while Guajardo-Ochoa is requesting a telephonic appearance,
22 Rule 43(a) requires appropriate safeguards.  Along similar reasoning, the commentary
23 recognizes that video transmission ordinarily should be preferred.  Guajardo-Ochoa has not
24 made any effort to show that video transmission of the testimony of her mother and brother
25 cannot be accomplished.
26    Therefore, for good cause shown,

1  THE COURT **ORDERS** that Mellody Nallely Guajardo-Ochoa's Emergency Motion
2 for An Order Allowing Telephonic Appearance of Witnesses (#56) is DENIED.

3
4   DATED this ____4____ day of January, 2012.

_____
Lloyd D. George
United States District Judge